Marc A. Rapaport
RAPAPORT LAW FIRM, PLLC
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 382-1600

Attorneys for Representative Plaintiffs
and the Plaintiff Classes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED SEP 0 9 2013 U.S.D.C. S.D.N.Y. CASHIERS

| | |
|---|---|
| RONALD JOHNSON, and SETH GOLDSTEIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUINOX HOLDINGS, INC., and DOES 1 through 100, inclusive.<br><br>Defendants. | Case No. 13-CV-6313(RMB)(JLC)<br>ECF Case<br>**CLASS/COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>[Jury Trial Demanded] |

Representative Plaintiffs, RONALD JOHNSON and SETH GOLDSTEIN, by their attorneys,

RAPAPORT LAW FIRM, PLLC, as and for their Complaint against EQUINOX HOLDINGS, INC.

("Equinox" or "Defendant") allege as follows:

## PRELIMINARY STATEMENT

1.   This is a class action, seeking unpaid wages, including minimum wage and unpaid

overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated

damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and

costs under, *inter alia*, the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA")

amended, 29 U.S.C. § 201, *et seq.*, and where applicable, as a Rule 23 of the Federal Rules of Civil

Procedure Class Action, the New York State Labor Law, New York Wage Payment Act, the New

-1-

York Minimum Wage Act, 12 N.Y.C.R.R. Part 142 and other appropriate rules, regulations, statutes and ordinances.

2. The Representative Plaintiffs bring this action on behalf of themselves and all other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or more specifically, the "FLSA Class" and/or the "New York Class") who are, or have been, employed by Defendant as personal trainers within the applicable statutory periods.

3. The "New York Class" period is designated as the time from September 9, 2007 through the trial date, based upon the allegation that the violations of New York's wage and hour laws, as described more fully below, have been ongoing since that time. The "FLSA Class" period is designated as the time from September 9, 2010, through the trial date, based upon the allegation that the violations of the FLSA have been willful and ongoing since at least this date.

4. During the foregoing class periods, Defendant has had consistent policies of: (a) encouraging, and/or requiring its employees, including Representative Plaintiff Seth Goldstein and members of the Class, to work in excess of forty (40) hours per week without paying them overtime compensation as required by the FLSA and New York's wage and hour laws; (b) failing to pay Plaintiffs and similarly situated employees for the full amount of hours actually worked; (c) failing to deliver written notice to Plaintiffs and similarly situated employees of the regular hourly rate of pay and overtime rate of pay, as mandated by N.Y. Lab. Law § 195(1); (d) unlawfully requiring Plaintiffs and similarly situated employees to pay for and provide their own uniforms and equipment for use in performing their job functions; (e) unlawfully requiring Plaintiffs and similarly situated employees to perform off-the-clock work for which they were not compensated; and (f) unlawfully failing to provide Plaintiffs and similarly situated employees with meal breaks, as mandated by N.Y. Lab. Law § 162.

## INTRODUCTION

5. According to legislative findings, numerous studies have linked long work hours to increased rates of accident and injury and a loss of family cohesion when either or both parents are kept away from home for extended periods of time, on either a daily or weekly basis. New York's Wage Payment Act, Minimum Wage Act and 12 N.Y.C.R.R. Part 142 provide protections to workers, including, but not necessarily limited to, entitlements to wages, including overtime pay.

6. Plaintiffs are informed and believe and, based thereon, allege that, within the Class Period, Defendant maintained and operated numerous health and fitness facilities throughout New York, including but not limited to facilities known as Equinox fitness clubs, and makes the strength-building and cardiovascular fitness equipment and services (e.g., personal training sessions) at these facilities available to the public on a membership basis. In so doing, Defendant has employed hundreds, if not thousands, of individuals in recent years alone as personal trainers, employees who are entitled to, *inter alia*, be paid for all hours worked, including minimum wages and overtime compensation, to be reimbursed for all business expenses related to Defendant's operations, to be paid said wages and reimbursed for said business-related expenses in a timely manner, and to be given statutorily required meal breaks.

7. Defendant's personal trainers are responsible for facilitating individual training sessions with Defendant's members specifically tailored to address the members' personal fitness goals.

8. Personal trainers often hold several sessions a day, and are responsible for performing additional tasks such as attending continuing education/training programs, researching and preparing a customized workout plan for each individual client, completing paperwork, attending meetings,

soliciting clients, re-racking weights, scheduling training sessions, and a host of other activities required for the performance of their positions with and for the benefit of Defendant.

9. Notwithstanding the foregoing, no matter how many hours are spent by personal trainers performing tasks for the benefit of Defendant, personal trainers are paid only for the length of time associated with the sessions they teach. Defendant's failure to provide wage statements in the time and manner required by NYCRR 142-2.6 has the effect of concealing the extent to which the Defendant has evaded its legal obligations to pay for the actual number of hours worked by trainers, as well as to provide premium overtime compensation.

10. Moreover, Plaintiffs are informed and believe and, based thereon, allege that Defendant knew and/or should have known that its personal trainers are and, at all times during the Class Period, were performing work off-premises (e.g., at home, at continuing education/training programs) for which Class Members are/were not being compensated and are/were incurring business-related expenses for which they are/were not being reimbursed by Defendant.

11. Despite actual knowledge of these facts and legal mandates, Defendant has enjoyed an advantage over its competition and has disadvantaged its workers by electing not to pay all wages due and/or provide reimbursement of business-related expenses to its trainers.

12. Plaintiffs are informed and believe and, based thereon, allege that officers and directors of Equinox knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

13. Despite Defendant's knowledge of the Class' entitlement to wages for all hours worked and expense reimbursements for all applicable work periods, Defendant failed and continues to fail to provide the same for all applicable work periods in willful violation of New York law. This action is brought to redress and end this ongoing pattern of unlawful conduct once and for all.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. § 1331) and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. § 1367.

15. Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391. Defendant's Principal Executive Office is located in the Southern District of New York at 895 Broadway, New York, New York, 10003, and represents that is provides services in New York County and elsewhere in the City of New York. The unlawful acts alleged herein have a direct effect on the Representative Plaintiffs and those similarly situated within the State of New York and within this judicial district. Defendant operated facilities and has employed numerous Class Members in this judicial district.

## PLAINTIFFS

16. Representative Plaintiffs are natural persons and were, during the Class Period, employed by Equinox as personal trainers, a non-exempt employment position, at one or more of Defendant's New York fitness facilities.

17. As used throughout this Complaint, the term "Class Members" and/or the "Plaintiff Classes" refers to the named Plaintiffs as well as each and every person eligible for membership in the classes of persons further described and defined herein. At all times herein relevant, Plaintiffs are/were persons within the classes of persons further described and defined herein.

18. Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to FRCP Rule 23 on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

## DEFENDANT(S)

19. At all times herein relevant, Defendant Equinox was a corporation, duly licensed, located and doing business in, but not limited to, the County of New York, in the State of New York.

20. Plaintiffs are informed and believe and, based thereon, allege that Defendant has, during the applicable limitations period, directly or indirectly employed and/or exercised control over the wages, hours, and working conditions of Plaintiffs and Class Members across the state of New York.

21. Those defendants identified as Does 1 through 100, inclusive, were, at all times herein-mentioned, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiffs are informed and believe and, on that basis, allege that, at all times herein-mentioned, each of the defendants identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs and Class Members at various New York locations, as identified in the preceding paragraph.

22. Plaintiffs are unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive, and, therefore, sue these defendants by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint when such names are ascertained. Plaintiffs are informed and believe and, on that basis, allege that each of the fictitiously-named defendants is/was responsible in some manner for, gave consent to, ratified, and/or authorized the

conduct herein-alleged and that Plaintiffs' and Class Members' damages, as herein-alleged, were proximately caused thereby.

23. Plaintiffs are informed and believe and, on that basis, allege that, at all times herein-mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

24. Representative Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Equinox's conduct, including, but not necessarily limited to, the following Plaintiff Classes:

New York Class:

*All persons employed by Equinox in the State of New York as personal trainers at any time on or after September 9, 2007.*

FLSA Class:

*All persons employed by Equinox in the United States as personal trainers at any time on or after September 9, 2010.*

25. Defendants and their officers and directors are excluded from the Plaintiff Classes.

26. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

    a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals.

Membership in the Classes will be determined by and upon analysis of employee and payroll records, among other records maintained by Defendant.

b. <u>Commonality</u>: Plaintiffs and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

    1) Whether Defendant unlawfully failed to pay overtime compensation in violation of the New York Minimum Wage Act, New York Labor Law § 650, *et seq.*, the Wage Payment Act, New York Labor Law § 190, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

    2) Whether Defendant violated New York law by requiring Plaintiffs and Class Members to pay all or a portion of the normal business expenses of Defendant;

    3) Whether Defendant violated and/or continues to violate New York law by failing to keep accurate records of Plaintiffs' and Class Members' hours of work;

    4) Whether Defendant violated New York Labor Law § 195(1) by failing to deliver written notices and/or wage statements setting forth, *inter alia*, the amount of regular hourly pay and overtime rate of pay; rates of pay and basis thereof; name of the employer; any "doing business as" names of the employer; telephone number of the employer; main address of the employer, and other vital, material and necessary information;

    5) Whether Defendant violated New York Labor Law § 195(1) by failing to preserve the information contained (and/or that was required to be contained in) each wage statement to members of the New York Class;

    6) Whether Defendant violated New York law by requiring Plaintiffs and similarly situated employees to perform off-the-clock work for which they were not compensated; and

    7) Whether Defendant violated N.Y. Lab. Law § 162 failing to provide Plaintiffs and similarly situated employees with mandatory meal breaks.

c. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Plaintiff Classes. Plaintiffs and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of state law, as alleged herein.

d. <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each

individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e. Adequacy of Representation: Plaintiffs are adequate representatives of the Plaintiff Classes, in that Plaintiffs' claims are typical of those of the Plaintiff Classes and Plaintiffs have the same interests in the litigation of this case as Class Members. Plaintiffs are committed to vigorous prosecution of this case, and have retained competent counsel, experienced in litigation of this nature. Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the classes as a whole. Plaintiffs anticipate no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

27. As described herein, Defendant has, for years, knowingly failed to adequately compensate those employees within the class definitions identified above for wages, including minimum wage and premium (overtime) wages due, and wages due for off-the-clock work, under the FLSA, New York Wage Payment Act, Labor Law § 190, *et seq.*, the New York Minimum Wage Act, Labor Law § 650, *et seq.*, and New York Department of Labor Regulations, 12 N.Y.C.R.R. Part 142. Moreover, Defendant has knowingly failed to provide said workers with mandatory meal periods pursuant to N.Y. Lab. Law § 162, thereby enjoying a significant edge over competitors. Among other means, Defendant engaged in unlawful business practices by requiring employees to work numerous hours of overtime without overtime compensation.

28. Moreover, Defendant failed to provide Plaintiffs and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect during each pay period, in violation of New York law. In doing so, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (e.g., the full number of hours worked) and financial impact of its wrongdoing.

29. Moreover, according to Defendant's policies, all Class Members were required to incur business expenses related to the operations of Defendant.

## FIRST CLAIM FOR RELIEF
## UNLAWFUL FAILURE TO PAY MINIMUM WAGES

30. Plaintiffs incorporate in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

31. Defendant's failure to compensate the Representative Plaintiffs and other members of the New York Class at the statutory minimum wage rate of pay violates the New York Minimum Wage Act, Labor Law Article 19 § 650, *et seq.*

32. During the Class Period, Plaintiffs and Class Members performed work for Defendant, oftentimes in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours will be proven at trial.

33. Plaintiffs and Class Members performed off-the-clock work for which they were not compensated, including, but not limited to, attending continuing education/training programs, researching and preparing a customized workout plan for each individual client, completing paperwork, attending meetings, soliciting clients, re-racking weights, and scheduling training sessions.

34. During the Class Period, Defendant refused to compensate Plaintiffs and Class Members for all of the wages earned, in violation of New York law.

35. As a result of the foregoing, the Representative Plaintiffs seek judgment against Defendant on their own behalf, and on behalf of those New York Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum wage owed by Defendant to the Representative Plaintiffs and the New York Class, pursuant to the New York Minimum Wage Act, Labor Law Article 19 § 650, *et seq.*, as well as liquidated damages, and

such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### FAILURE TO PROVIDE MANDATORY MEAL PERIODS
(New York Labor Law § 162)

36. The Representative Plaintiffs incorporate in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth at length herein.

37. N.Y. Lab. Law § 162(2) states that a non-factory employee "who works a shift of over six hours, which extends over the noonday meal period" (such noonday meal period extending from eleven o'clock in the morning to two o'clock in the afternoon) "is entitled to at least thirty minutes off within that period for the meal period." In addition, "every person employed for a period or shift starting before eleven o'clock in the morning and continuing later than seven o'clock in the evening shall be allowed an additional meal period of at least twenty minutes between five and seven o'clock in the evening." N.Y. Lab. Law § 162(3).

38. Non-factory employees who are "employed for a period or shift of more than six hours starting between the hours of one o'clock in the afternoon and six o'clock in the morning," are entitle to a forty-five minute meal period "at a time midway between the beginning and end of such employment." N.Y. Lab. Law § 162(4).

39. During the Class Period, Defendant failed to provide Plaintiffs and Class Members with meal breaks as mandated by New York law.

## THIRD CLAIM FOR RELIEF
**FAILURE TO COMPLY WITH NOTIFICATION REQUIREMENTS AND TO MAINTAIN RECORDS**
(New York Labor Law §§ 195 and 661; 12 N.Y.C.R.R. § 142-2.6)

40. The Representative Plaintiffs incorporate in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth at length herein.

41. New York Labor Law sets out notice and record keeping requirements governing employers in the State of New York. Employers are required to keep true and accurate records reflecting the employment of the Representative Plaintiffs and the members of the Class. Prior to October 26, 2009, employers were required to notify their employees at the time of hiring of the rate of pay and regular pay designated by the employer. Effective on October 26, 2009, employers were (and continue to be) required to notify employees in writing at the time of hiring of, among other things, the rate of pay and, for employees who are eligible for overtime, the overtime rate of pay. Defendant is in violation of the foregoing.

42. Pursuant to N.Y.C.R.R. § 142-2.6, Defendant is required to establish, maintain, and preserve for a period of not less than six (6) years, weekly payroll records that, *inter alia*, shall show for each employee: the name and address; social security number; wage rate; number of hours worked daily and weekly, including time of arrival and departure of each employee; amount of gross wages; deductions from gross wages; allowances, if any, claimed as part of the minimum wage; and net wages paid. By failing to maintain true, accurate and legible records, Defendant has systematically violated N.Y.C.R.R. § 142-2.6.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL FAILURE TO PAY OVERTIME WAGES
(New York Labor Law § 190, *et seq.*, § 650, *et seq.*, and 12 N.Y.C.R.R. Part 142)

43. Plaintiffs incorporate in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44. The foregoing conduct, as alleged, violates the New York Wage Payment Act, Labor Law § 190, *et seq.*, the New York Minimum Wage Act, Labor Law § 650, *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively referred to as the "New York Labor Laws").

45. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of New York Labor Law § 651. At all relevant times, Defendant has employed, and continues to employ, employees, including the Representative Plaintiffs and each of the New York Class Members, within the meaning of the New York Labor Laws.

46. The New York Labor Laws require an employer, such as Defendant, to pay overtime compensation to all non-exempt employees. The Representative Plaintiffs and the Class Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

47. Towards the beginning of the class period, Plaintiff Seth Goldstein was regularly scheduled to teach approximately 21-50 hour-long sessions per week. During this time period, Plaintiff Goldstein also worked approximately 3-4 hours per week off-the-clock planning and preparing for sessions, among other activities. Plaintiff worked approximately 10-14 hours of overtime per week during this period. In recent years, Plaintiff Goldstein's personal training sessions were reduced to approximately 5-15 per week, with an additional 2-3 hours of off-the-clock work per week. Plaintiff was always paid a flat rate for each session he taught, but was not paid overtime

wages for sessions taught over 40 in a week or eight in a day. Plaintiff was not compensated for his off-the-clock work.

48. Additionally, towards the beginning of the class period, Plaintiff Goldstein was not compensated for attending monthly personal trainer meetings, individual meetings with his managers, and specialized trainings covering specific fitness issues and equipment including pre- and post-natal training, kettlebells, TRX suspension, etc. Defendant only began paying wages to Personal Trainers for attending monthly personal training meetings in approximately the past two years. Additionally, Plaintiff Goldstein routinely had to work through his meal period when teaching back-to-back sessions, which were scheduled based on client preferences.

49. As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due to the Representative Plaintiffs and New York Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated, and continues to violate, the New York Labor Laws.

50. The Representative Plaintiffs, on behalf of themselves and the New York Class Members, seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by New York Labor Law § 663(1).

51. The Representative Plaintiffs, on behalf of themselves and the New York Class Members, seek the amount of underpayments based on Defendant's failure to pay one and one half times the regular rate of pay for work performed in excess of forty hours, as provided by New York Labor Law § 663(1), as well as liquidated damages, and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

52. Plaintiffs further demand an award of interest, costs and attorneys' fees.

## RELIEF SOUGHT

**WHEREFORE**, the Representative Plaintiffs, on behalf of themselves and the proposed Plaintiff Classes, prays for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1. That the Court declare, adjudge and decree that this action is a proper class/collective action and certify the proposed FLSA Class, the New York Class and/or any other appropriate subclasses under FRCP Rule 23 and/or 29 U.S.C. § 216;

2. That the Court declare, adjudge and decree that Defendant violated the minimum wage provisions of the FLSA and New York State laws as to the Representative Plaintiffs and the Plaintiff Classes;

3. That the Court declare, adjudge and decree that Defendant violated the minimum wage provisions of New York State laws as to the Representative Plaintiffs and the Plaintiff Classes;

4. That the Court declare, adjudge and decree that Defendant violated the overtime provisions of the FLSA and New York State laws as to the Representative Plaintiffs and the Plaintiff Classes;

5. That the Court declare, adjudge and decree that Defendant willfully violated its legal duties to pay minimum wages and overtime compensation as required under New York State law;

6. That the Court declare, adjudge and decree that Defendant willfully violated its notification and record keeping obligations with regard to employees under New York State law;

7. That the Court declare, adjudge and decree that Defendant willfully violated its legal duties to pay employees for off-the-clock work as required under the FLSA and New York State law;

8. That the Court make an award to the Representative Plaintiffs and the Plaintiff Classes of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial;

9. That the Court make an award to the Representative Plaintiffs and the Plaintiff Classes of reimbursement for all unlawful deductions;

10. That the Court award damages to the Representative Plaintiffs and the Plaintiff Classes for Defendant's failure to provide meal breaks as required by New York law; and

11. For all other Orders, findings and determinations identified and sought in this Complaint;

12. For interest on the amount of any and all economic losses, at the prevailing legal rate;

13. For reasonable attorneys' fees, as provided by law; and

14. For costs of suit and any and all such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs and the Plaintiff Classes hereby demand trial by jury of all issues trial as of right by jury.

Dated: September 9, 2013

RAPAPORT LAW FIRM, PLLC

By: _____
Marc A. Rapaport, Esq.
Attorney for the Representative Plaintiffs and
the Plaintiff Classes
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 382-1600