UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RONALD JOHNSON and SETH GOLDSTEIN,  :
Individually and On Behalf of                        :
All Others Similarly Situated,                       :
                                                                       :    13 Civ. 6313 (RMB)(JLC)
                         Plaintiffs,                           :
                                                                       :    **DECISION & ORDER**
                -against-                                       :
                                                                       :
EQUINOX HOLDINGS, INC., and              :
DOES 1 through 100, inclusive,                  :
                                                                       :
                         Defendants.                         :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/2014

### I.  Introduction

On October 24, 2013, Ronald Johnson ("Johnson") and Seth Goldstein ("Goldstein" and, collectively, "Plaintiffs") filed an Amended Class Action Complaint ("Complaint") against their employer, Equinox Holdings, Inc. ("Equinox" or "Defendant"), the owner and operator of health and fitness facilities throughout New York. (Am. Class Action Compl., filed October 24, 2013 ("Compl.") ¶ 6.)[1] Johnson, who was formerly employed by Equinox as a personal trainer, and Goldstein, who is currently employed by Equinox as a personal trainer, allege that Equinox violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York Labor Law ("NYLL") by failing to pay them for certain "off-the-clock" work and to reimburse them for job-related expenses. Goldstein also alleges that Equinox failed to pay him overtime wages in violation of the FLSA and NYLL. (Id. ¶¶ 29–57.) Plaintiffs

---

[1] Plaintiffs filed their Amended Complaint as an attachment to their letter to the Court, dated October 24, 2013. (See Letter from Molly A. Desario to Hon. Richard M. Berman, dated Oct. 24, 2013, Dkt. # 22.)

1

also claim that Equinox failed to comply with the NYLL's wage-notification requirements.[2] (Id. ¶¶ 36–37.) Plaintiffs bring their FLSA claims individually and on behalf of all personal trainers employed by Equinox from September 9, 2010 until the present. (Id. ¶ 2–3.) Plaintiffs bring their NYLL claims individually and on behalf of all personal trainers employed by Equinox in the State of New York from September 9, 2007 until the present. (Id.)

On November 13, 2013, Equinox filed a motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Equinox argues that (1) Plaintiffs fail to state a minimum wage violation under the FLSA and NYLL because "both Plaintiffs earned more than the applicable minimum wage when you total the wages they each alleged they earned and divide it by the [total] number of hours they each alleged they worked" and "it is unclear that [Goldstein's] expenses ever dropped his earnings below the applicable minimum wage"; (2) Plaintiff Goldstein's overtime claim under the FLSA fails because "there is only a short window of time in which [Goldstein] could have worked over forty hours a week during the applicable FLSA statute of limitations" and Goldstein "does not sufficiently allege that he did work over forty hours during that time period"; and (3) all remaining state law claims under the NYLL should be dismissed for lack of subject matter jurisdiction. (Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def. Mem.") at 1–4, 15.)[3]

On December 2, 2013, Plaintiffs filed a memorandum of law in opposition to Equinox' motion to dismiss, arguing, among other things, that (1) "Equinox is liable for every hour the

---

[2] NYLL § 195 (1)(a) requires employers to provide, at the time of hiring, a notice containing, among other things, "the rate or rates of pay and basis thereof . . . [and] allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ."

[3] "As all of Plaintiffs' claims under the FLSA should be dismissed as a matter of law, any claims remaining should be dismissed for lack of subject matter jurisdiction as they only involve state law claims . . . ." (Def. Mem. at 4).

2

Plaintiffs worked off-the-clock . . . regardless of whether the average amount paid per hour worked amounts to more than minimum wage," and because Plaintiff Goldstein was "not paid at least minimum wage [under the FLSA] on those particular weeks where he spent approximately $500 on continuing education classes"; and (2) Goldstein's overtime claim under the FLSA "must merely allege the approximate number of unpaid regular and overtime hours allegedly worked, as well as a time frame for when those hours were worked," and "Plaintiff Goldstein has satisfied this requirement." (Mem. of Law in Supp. of Pls.' Opp'n to Def.'s Mot. to Dismiss ("Pls. Opp'n.") at 4–5, 7.)

On December 9, 2013, Equinox filed its reply. During a conference held on May 19, 2014, the parties waived oral argument. (See Hr'g Tr., dated May 19, 2014, at 4:11–24.)

**For the reasons stated below, Equinox' motion to dismiss is granted.[4]**

## II. Background

For purposes of this motion, the allegations of the Complaint are taken as true. See Slayton v. Am. Express Co., 604 F.3d 758, 766 (2d Cir. 2010).

Plaintiff Goldstein has been employed at various branches of Equinox since 2006. (Compl. ¶ 34.) From approximately 2006 until 2011, Goldstein "typically" conducted between twenty one and fifty hour-long training sessions per week for which he earned between $28 and $44 per hour. (Id.) Goldstein also worked an additional three to four hours per week "off-the-clock," for which he did not receive additional compensation. (Id.) Since 2011, Goldstein has conducted between five and fifteen hour-long training sessions per week, earning between $28 and $44 per hour. (Id.) Goldstein has worked an additional two to three hours per week "off-the-clock" for which he does not receive additional compensation. (Id.)

---

[4] **Any issues raised by the parties not specifically addressed herein were considered by the Court on the merits and rejected.**

3

Goldstein alleges that, at unspecified times during his employment, Equinox required him to purchase workout equipment as well as to attend continuing education classes. (Id.) Goldstein "spent as much as $250 and $500 at a time on workout equipment and continuing education classes," for which Equinox has not reimbursed him. (Id.) Goldstein also alleges that "on those weeks where [he] incurred these significant expenses, his total weekly compensation dropped below the [FLSA] and New York state-mandated minimum wage." (Id. ¶¶ 34, 54.) Goldstein does not identify the time periods (within his seven-year employment) during which he earned less than minimum wage, nor does he specify the amount of the alleged minimum wage shortfall.

Johnson was employed as an Equinox personal trainer for approximately two months between April and June 2013. (Compl. ¶ 52.) Johnson "regularly" conducted between twenty five and thirty hour-long training sessions per week, for which he earned between $22 and $23 per hour. (Id.) In addition, Johnson performed "off-the-clock" work totaling ten hours per week, for which he received no compensation. (Id.) Johnson does not allege that he incurred any non-reimbursed expenses, nor does he allege that he ever worked more than forty hours in a given week. (Pls. Opp'n. at 2.)

### III.   Standard of Review

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Nakahata v. New York–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 197 (2d. Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "To be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief." Id. (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and a

4

complaint must contain more than "naked assertions devoid of further factual enhancement." Dejesus v. HF Mgmt. Services, LLC, 726 F.3d 85, 87 (2d Cir. 2013) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted).

IV. **Analysis**

**Federal Claims**

**1. Minimum Wages under the FLSA**

The FLSA provides that every employer shall pay to each of his employees a minimum of $7.25 an hour. 29 U.S.C. § 206(a). An employee cannot state a claim for a minimum wage violation "unless [his] average hourly wage falls below the federal minimum wage." Lundy v. Catholic Health Sys. Of Long Island, Inc., 711 F.3d 106, 115 (2d Cir. 2013). A plaintiff's average hourly wage is determined "by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 CFR § 778.109. The FLSA also requires employers to reimburse their employees for any costs incurred "primarily for the benefit or convenience of the employer" if such expenses "cut[] into the minimum or overtime wages required to be paid . . . under the Act." 29 C.F.R. §§ 531.32(c), 531.35; see also Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 511–13 (S.D.N.Y. 2010).

Plaintiffs have failed to state a minimum wage violation claim under the FLSA. Plaintiff Johnson does not dispute Equinox' argument that he was paid above the minimum wage at all relevant times. (See Def. Mem. at 9–10; Pls. Opp'n. at 3–5.) The Complaint alleges that Johnson conducted between twenty five and thirty hours of paid work per week at a rate of $22 and $23 per hour, plus an additional ten hours per week of unreimbursed "off the clock" time. (Compl. ¶52.) Assuming, arguendo, that Johnson worked thirty five hours per week (twenty five

5

paid hours plus ten unpaid hours) and was paid $22 per hour (for his twenty five paid hours), his average hourly wage was $15.71, well above the FLSA-mandated minimum wage.

Nor has Goldstein contended that his average hourly wage fell below the minimum wage. Goldstein alleges that, from approximately 2006 until 2011, he conducted between twenty one and fifty hour-long training sessions per week for which he earned between $28 and $44 per hour, and that he also worked three to four uncompensated hours per week. (Compl. ¶34.) Assuming, arguendo, that Goldstein worked twenty five hours per week (twenty one paid hours plus four unpaid hours) and was paid $28 per hour (for his twenty one paid hours), his average hourly wage was $23.52 per hour. Moreover, because the Complaint limits Plaintiffs' FLSA claim to "the time from September 9, 2010, through the trial date," (Id. ¶ 3), Goldstein's allegations relating to his work prior to September 9, 2010 are irrelevant to his minimum wage claim.

Goldstein also alleges that, from 2011 through the present, he has conducted between five and fifteen hour-long training sessions per week, earning between $28 and $44 per hour, and that he worked an additional two to three hours per week without compensation. (Id.) Assuming, arguendo, that Goldstein worked eight hours per week (five paid hours plus three unpaid hours) and was paid $28 per hour (for his five paid hours), his average hourly wage was $17.50. There is "no indication that at any time [Goldstein] worked sufficient unpaid hours that [his] effective hourly wage fell below the minimum wage." Bustillos v. Academy Bus, LLC, No. 13 Civ. 565(AJN), 2014 WL 116012, at *1–2 (S.D.N.Y Jan. 13, 2014).

Plaintiffs concede in their opposition that Goldstein earned "between $414 and $1,808.50 above the minimum wage for any week [between 2006 and 2011] based on the number of hours

6

he purports to have worked and his hourly rate."[5] (Pls. Opp'n. at 4.) They contend, however, that Goldstein's unreimbursed business expenses caused his total compensation to fall below the FLSA-mandated minimum wage. (Id.; see also Compl. ¶ 34.)

Goldstein's conclusory allegation is unsupported by any specific facts in the Complaint. See Nakahata, 723 F.3d at 197. While Goldstein alleges that he spent between $250 and $500 "at a time" on unreimbursed business expenses, he fails to specify the weeks or even the years during which these alleged expenses allegedly occurred. Even assuming, arguendo, that Goldstein incurred this amount of expense every week of his employment (an assumption that is unsupported by allegations in the Complaint), it would still be entirely speculative whether such expenditures, which ranged from $250 to $500, reduced his weekly earnings, which Goldstein concedes were "between $414 and $1,808.50 above the minimum wage [between 2006 and 2011]," to less than the FLSA minimum wage. See Gisommie v. Healthex Corp, No. CV 13-2541(LDW) (WDW), 2014 WL 2041824, at *3 (E.D.N.Y. May 15, 2014) (dismissing FLSA minimum wage claim). The same is true for Goldstein's work between 2011 and the present, which resulted in weekly income between $82 and $529.50 above the minimum wage. This conclusion assumes, arguendo, that Goldstein worked between five and fifteen hours a week and earned between $28 and $44 per hour.

Goldstein's conclusory and unsupported minimum wage allegations are insufficient to raise "more than a mere possibility of a right to relief." Nakahata, 723 F.3d at 197; Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Accordingly, Plaintiffs' FLSA minimum wage claim is dismissed.

---

[5] Although Plaintiffs agree with Equinox that Goldstein earned "between $414 and $1,808.50 above the minimum wage for any week" during the 2006–2011 time period, the Court's calculation is that Goldstein earned between $406.75 and $1,808.50 above the minimum wage during this period. This minor discrepancy has no impact on the outcome of this ruling.

### 2. Overtime Wages Under the FLSA

The FLSA requires that an employee who works "'in excess of' forty hours [per week] shall be compensated for that excess work 'at a rate not less than one and one-half times the regular rate at which he is employed.'" Lundy, 711 F.3d at 113–14 (quoting U.S.C. § 207(a)(1)). To prevail on an overtime claim, a plaintiff must provide "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Nakahata v. New York Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013).[6]

In support of his overtime claim, Goldstein relies solely upon the Complaint's allegation that between 2006 and 2011 he "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock." (Compl. ¶ 34.) Such generalized and imprecise allegations are insufficient to support a "reasonable inference" that Goldstein, in fact, worked more than forty hours in a given week. Lundy, 711 F.3d at 114–15; see Nakahata, 723 F.3d at 199–201 (where plaintiffs alleged only that they "regularly worked hours both under and in excess of forty per week."); Dejesus v. HF Mgmt. Services, LLC, 726 F.3d 85, 86 (2d Cir. 2013) (where plaintiff alleged that she worked more than forty hours per week during "some or all weeks" of her employment."). Goldstein's allegations, which identify neither the weeks during which he worked more than forty hours nor the specific number of hours he worked during such weeks, fail to "provide some factual context that will 'nudge' [his] claim 'from conceivable to plausible.'" Dejesus, 726 F.3d at 90 (quoting Twombly, 550 U.S. at 570; see Bustillos, 2014 WL 116012, at *3 (where plaintiff alleged that he "regularly work[ed] from 60 to 90 hours per week"); Spiteri v. Russo, No. 12–CV–2780, 2013 WL 4806960, at *55 (E.D.N.Y.

---

[6] Plaintiffs' overtime claim applies only to Goldstein. (See infra at 1.)

8

Sep. 7, 2013) (where plaintiff alleged that he "worked approximately fifty (50) to (60) hours per week."). Accordingly, Goldstein's FLSA overtime claim is dismissed.

**State Law Claims**

Given the dismissal of Plaintiffs' Federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs remaining state law claims. See 28 U.S.C. § 1367 (a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); Lundy, 711 F.3d at 117–18 ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." (internal punctuation omitted)).

Accordingly, the Court dismisses Plaintiffs' NYLL claims without prejudice.

## V. Leave to Amend

Plaintiffs request that "if the court is inclined to grant . . . Defendant's motion, Plaintiffs should be given leave to amend" (Pls. Opp'n. at 9), is respectfully denied. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)

By letter dated October 16, 2013, Equinox informed Plaintiffs (as required in pre-motion letters) of the grounds for moving to dismiss the original complaint. (See Letter from William J. Anthony to Hon. Richard M. Berman, dated Oct. 16, 2013, Dkt. # 17.) In a responsive letter, dated October 24, 2013, Plaintiffs "agree[d] to amend their Complaint to provide more detail with an eye toward avoiding needless motion work and appearances." They filed their Amended Complaint on October 24, 2013. (Letter from Molly A. Desario to Hon. Richard M. Berman, dated Oct. 24, 2013, Dkt. # 22.) At the time, Plaintiffs also stated that they "believe that these amendments . . . address all of Defendant's purported concerns." (Id.)

9

Moreover, during a conference held on October 30, 2013, the Court gave Plaintiffs the opportunity to amend their complaint a second time in light of the arguments presented by Equinox. The Court also informed Plaintiffs' counsel that Equinox' motion would, if successful, be "with prejudice." (Hr'g Tr., dated Oct. 30, 2013 at 2:5–13.) Plaintiffs declined to amend a second time, and acknowledged that any dismissal would be with prejudice. (Id. at 2:5–20 (The Court: "[W]e do give the plaintiff the opportunity . . . to amend before the motion is made. The reason we do that is then if the motion were to be successful, it would be with prejudice . . . is that your understanding of it?" Plaintiffs' Counsel: "That's our understanding . . . The pleading we have put before you . . . we believe will withstand a motion to dismiss.").) Masters v. GlaxoSmithKline, 271 F. App'x. 46, 51 (2d Cir. 2008) (where, "[p]rior to filing this complaint, Masters was directed to serve a consolidated amended complaint, defendants were to advise Masters of perceived deficiencies, i.e., grounds for motion to dismiss, and Masters was given the opportunity to file a second amended complaint with the understanding that no further amendments would be permitted." (internal punctuation omitted)).

## VI. Conclusion and Order

For the reasons stated herein, Defendants' motion to dismiss [#29] is granted. Plaintiffs' claims under the FLSA are dismissed with prejudice, and Plaintiffs' remaining state law claims are dismissed without prejudice. Plaintiff is denied leave to amend.

The clerk of court is respectfully requested to close this case.

Dated: New York, New York
July 2, 2014

**RICHARD M. BERMAN, U.S.D.J.**